Morgan, J.
Appeal from a judgment for plaintiff in an action to remove a cloud from title, annulling a tax deed, and removing the cloud created thereby from the title, to two half-sections of vacant and unoccupied land.
Appellant contends that the complaint did not state facts sufficient to constitute a cause of action, because it did not allege that the tax deed was recorded, because the allegations attacking the tax.deed were mere conclusions of law, and because the complaint did not contain an offer to refund the taxes paid by defendant.
It is true, it was not, although it might have been truthfully, alleged that the deed was recorded. However, plaintiff’s testimony disclosed that the deed was recorded, and such proof was made without any objection being-interposed that pointed out this specific defect in the complaint, although objection was interposed that the complaint did not state facts sufficient to constitute a cause of action. Furthermore, defendant’s counsel, in his objection, stated that “it is alleged in the complaint and admitted in the answer that the deed was made on the 6th day of March, 1899, and recorded on the same day in Book 1299, page 213, of the said records.” This statement of counsel discloses that the case was tried as though it had been alleged in the complaint that the deed was recorded, and it discloses, also, that counsel could not have had in his mind at the time he made the objection the lack of this particular allegation. His objections *157 also were specifically stated to Tbe concerning the want of sufficient allegations as to the reason why the affidavit of publication was not made as provided by law, and to the lack of any offer in the complaint to pay or refund the taxes to defendant which he had paid. If this defect had been sufficiently pointed out to the court, an amendment could have been inserted in the complaint, that the deed had been- recorded, so as to make the pleadings correspond to the proof. If this cause should be reversed, the amendment could be allowed, and nothing would be gained by appellant, and we think this defect in the complaint, if it was not cured, should be disregarded. Although the objection that a complaint does not state facts sufficient to constitute a cause of action may be raised at any time, yet when the specific objection is first pointed out on the appeal, the view.of the supreme court in the following eases that, such objection, when first made in the appellate court, is looked upon with disfavor, is applicable: Insurance Co. v. Bonner, 24 Colo., 220, 222, 49 Pac., 366, and cases cited; Colo. F. & I. Co. v. Four-Mile R. Co., 29 Colo., 90, 66 Pac., 902.
It is true, also, that the complainant, in attacking the tax deed, after stating a number of things that were not done, and which the statute requires, leading up to the issuance of the deed, followed such allegations with the statement, “as required by law,” but the allegations of facts were sufficient without the words quoted, which the appellant contends is a conclusion of law. The complaint should have stated and pointed out the exact defects in the proceedings, but the defendant did not interpose any motion to require such statements to be made more specific.
It is true, also, that the complaint did not contain an offer to refund the taxes paid by the defendant; however, the defendant admitted and alleged that he claimed to be the owner of the premises, by virtue of the tax deed, at *158 tacked, and consequently sncli offer would have been unavailing. — Empire Ranch & Cattle Co. v. Lanning, 49 Colo., 458, 461, 113 Pac., 491, and cases cited.
All other assignments of error have been disposed of contrary to appellant’s contention by recent decisions of this and tbe supreme court.
Tbe judgment of tbe lower court is therefore affirmed.

Affirmed.